IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-30299
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWAYNE D. WILLIAMS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CR-106-A-M1
- - - - - - - - - -
December 16, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dewayne D. Williams pleaded guilty to conspiracy to commit bank robbery and four counts of armed bank robbery. The district court sentenced Williams to terms of imprisonment of 60 months on the conspiracy count and 168 months on each of the bank robbery charges, all terms to run concurrently. The district court also ordered Williams to pay restitution and a special assessment of $500. Williams appeals his sentence. He argues that the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court clearly erred at sentencing by increasing his offense level for his leadership role in the offense.[2]

We have reviewed the record, including the statements and transcripts introduced at the sentencing hearing, and the briefs of the parties, and find that the district court did not clearly err in making the adjustment for Williams' leadership role in the conspiracy. There was reliable evidence in the record reflecting that Williams recruited the participants in the conspiracy and directed them to carry out the bank robberies in a specific manner. Williams supplied weapons, disguises, and get-away vehicles, and he selected the banks to rob. The record supports the finding that Williams was an organizer or leader of the conspiracy.[3] The record also shows that five individuals were involved.

The judgment is AFFIRMED.

---

[2] The district court's finding that Williams was the leader of the conspiracy is a finding of fact that we review for clear error. United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995).

[3] See U.S.S.G. § 3B1.1(a); United States v. Gadison, 8 F.3d 186, 196 (5th Cir. 1993).